IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

RUBEN SALAICES-ARENALES,

    **Defendant.**                                          Case No. 06-30150-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is Defendant Ruben Salacieces-Arenales' motion to dismiss indictment. (Doc. 28.) Specifically, Defendant asserts that the current indictment is without merit because Defendant believes that it hinges on the allegation that Defendant was previously removed from the United States based on a prior "aggravated felony" conviction. Defendant contests the validity of the removal order because he does not believe that his prior conviction constitutes an aggravated felony. The Government filed a response in opposition. (Doc. 33.) For the following reasons, the Court denies the motion to dismiss.

### II. Background

In 2005, Defendant pled guilty to the offense of "Dealing in Marijuana"

under the Indiana Code.[1]  Defendant asserts that he was convicted of a Class C felony under Indiana state law, but that the offense is not a felony under federal law.  At the time Defendant was residing in the United States illegally.  Defendant was subsequently removed from the United States by a Final Administrative Order dated July 29, 2005 pursuant to **8 U.S.C. § 1227(a)(2)(A)(iii)**, which provides that any "alien who is convicted of an aggravated felony at any time after admission is deportable."  Following his removal, Defendant returned to the United States.  On November 8, 2006, a grand jury returned an indictment against Defendant charging him with being in the "United States without consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security. . . to reapply for admission into the United States, in violation of **Title 8, United States Code, Section 1326(a) and (b)(2)**." (Doc. 12.)[2]

---

[1] Defendant was also charged with "possession of marijuana."  When Defendant entered his plea of guilty, the possession charge was dropped. (Doc. 29.)

[2] **Title 8, United States Code, Section 1326(a) and (b)(2) provides:**

(a) Subject to subsection (b), any alien who--
    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
    (2) enters, attempts to enter, or is at any time found in, the United States. . . .

shall be fined under title 18, United States Code, or imprisoned not more than 2 years or both.

(b) Notwithstanding subsection (a), in the case of any alien described in such subsection--
    (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;

### III.  <u>Analysis</u>

**FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(1)** requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that an indictment meets the requirements of **Rule 7(c)(1)** if it: (1) contains the elements of the offense charged; (2) fairly informs the defendants of the nature of the charge against him; and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. ***See United States v. Moore,* 446 F.3d 671, 676-77 (7th Cir. 2006).** The test for validity of an indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. ***Id. (citing United States v. Allender,* 62 F.3d 909, 914 (7th Cir. 1995))**. In analyzing the sufficiency of an indictment, the court reads the indictment in its entirety. ***United States v. Hoag,* 823 F.2d 1123, 1126 (7th Cir. 1987))** and refrains from reading a count in a hypertechnical manner. ***United States v. McNeese,* 901 F.2d 585, 602 (7th Cir.1990).**

Defendant maintains that his conviction under Indiana's Dealing in Marijuana statute is not an "aggravated felony" for purposes of the Immigration and Nationality Act and, therefore, Defendant should never have been removed. Furthermore, Defendant argues that the present indictment should be dismissed "for

---

**8 U.S.C. § 1326(a) and (b)(2).**

lack of a prior aggravated felony."  The Government counters that the indictment states the elements of the crime with which Defendant has been charged, it adequately apprises Defendant of the nature of the charges in preparation for his defense, and it is sufficiently detailed such that it would bar future prosecutions for the offenses.  The Court agrees with the Government.

Defendant relies heavily upon ***Lopez v. Gonzales***, a recent United States Supreme Court case, which held that for purposes of defining an aggravated felony under the Immigration and Nationality Act a "state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under federal law." **127 S.Ct. 625, 633 (2006)**.  In that case, the Defendant was appealing a removal order entered by an immigration judge and affirmed by the Board of Immigration Appeals.  In this case, Defendant is not directly attacking the removal order.  Instead, he is arguing that the current indictment should be dismissed because Defendant's state offense should not be considered an aggravated felony under federal law.  Whether or not Defendant Salaices-Arenales' prior conviction of "Dealing in Marijuana" constitutes an aggravated felony under the INA, however, is irrelevant at this time.  To establish a violation of **8 U.S.C. § 1326(a)**, the Government needs to prove: "(1) that the defendant is an alien; (2) that the defendant was deported or removed in accordance with a valid deportation order; and (3) that the defendant has reentered the United States without the permission of the Attorney General." ***United States v. Rea-Beltran*, 457 F.3d 695, 702 (7th**

**Cir. 2006).** Proving that Defendant has committed a prior aggravated felony is *not* an element of this offense. The existence of a prior aggravated felony goes instead to the issue of criminal penalties that may be imposed for violation of the general reentry of removed aliens statute, **8 U.S.C. § 1326(a)**.

Accordingly, the Court finds that the indictment meets the requirements of **FEDERAL RULE OF CRIMINAL PROCEDURE 7(c)(1)**. Therefore, the Court **DENIES** Defendant's motion to dismiss. (Doc. 28.)

    **IT IS SO ORDERED.**

Signed this 11th day of May, 2007.

        /s/      David   RHerndon
        **United States District Judge**